

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER MACK**     **PLAINTIFF**

**VERSUS**     CIVIL ACTION NO.: 3:24-CV-306-CWR-ASH

**RANKIN COUNTY, MISSISSIPPI**
**RICKY DAVIS, BRETT McALPIN,**
**DEPUTY CHAMBLEE and JOHN DOE 1,**
**JOHN DOE 2, JOHN DOE 3, JOHN DOE 4,**
**JOHN DOE 5 and JOHN DOE 6**     **DEFENDANT**

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW, Plaintiff Christopher Mack, by and through his attorney of record, Catouche J.L. Body, Esq. The Body Law Firm, PLLC, 360 Comet Dr, Jackson, MS 39206, and files this Complaint, and in support would show unto the Court the following:

### INTRODUCTION

1. For his Complaint, Plaintiff Christopher Mack, an adult resident of Rankin County, Mississippi, by and through his attorneys, states and alleges as follows:

2. This cause of action arises out of Christopher Mack's May 27, 2021, arrest and subsequent beating while in the custody of the Rankin County Sheriff's Department, occurring at 221 N. Timber St., Brandon, MS 39042. This cause of action is for monetary damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of state law of Christopher Mack's clearly established rights as secured by the Fourteenth Amendments to the United States Constitution against (1) Defendants Ricky Davis ("Davis"), Brett McAlpin ("McAlpin"), Deputy Chamblee ("Chamblee"), John Doe 1("Doe 1"), John Doe 2("Doe 2") John Doe3 ("Doe 3"),

John Doe 4("Doe 4") John Doe 5 ("Doe 5"), and John Doe 6("Doe 6") in their respective capacities as duly-certified law enforcement officers employed by the Rankin County Sheriff's Department (collectively, the "Defendant Officers"), for their respective violations of Mr. Mack's right to be free from the use of excessive force; and (2) Defendant Rankin County, Mississippi ("Rankin County") for its unconstitutional policies, customs and/or practices under Monell and its progeny.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Mississippi. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## PARTIES

5. Plaintiff Christopher Mack is an adult resident of Mississippi.

6. Defendant, Rankin County, Mississippi is a political subdivision of the State of Mississippi and may be served with process of this court. The Rankin County Sheriff's Department ("Sheriff's Department") is and was at all times material hereto a Rankin County agency, providing the vehicle through which Defendant Rankin County, Mississippi fulfills its policing functions.

7. Upon information and belief, Ricky Davis is and was at all times material hereto a citizen of the United States and the state of Mississippi. Davis was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was

acting in his individual capacity and/or under color of state law, and within the scope of his employment.

8.      Upon information and belief, Defendant Brett McAlpin is and was at all times material hereto a citizen of the United States and the State of Mississippi. McAlpin was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment.

9.      Upon information and belief, Defendant Deputy Chamblee is and was at all times material hereto a citizen of the United States and the State of Mississippi. Chamblee was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment.

10.     Upon information and belief, Defendant John Doe 1 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 1 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment. Doe 1, in the alternative, was a trusty of the Rankin County Sheriff's Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

11.     Upon information and belief, Defendant John Doe 2 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 2 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the

scope of his employment. Doe 2, in the alternative, was a trusty of the Rankin County Sheriff's Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

12. Upon information and belief, Defendant John Doe 3 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 3 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment. Doe 3, in the alternative, was a trusty of the Rankin County Sheriff's Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

13. Upon information and belief, Defendant John Doe 4 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 4 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment. Doe 4, in the alternative, was a trusty of the Rankin County Sheriff's Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

14. Upon information and belief, Defendant John Doe 5 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 5 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment. Doe 5, in the alternative, was a trusty of the Rankin County Sheriff's

Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

15. Upon information and belief, Defendant John Doe 6 is and was at all times material hereto a citizen of the United States and the State of Mississippi. Doe 6 was at all times material hereto employed by the Sheriff's Department as a duly appointed and sworn police officer and was acting in his individual capacity and/or under color of state law, and within the scope of his employment. Doe 6, in the alternative, was a trusty of the Rankin County Sheriff's Department acting under the direction of Defendants Rankin County, Mississippi, McAlpin, Chamblee, and Davis.

## FACTS

16. On May 27, 2021, Plaintiff, Christopher Mack was arrested by the City of Pearl, Mississippi Police Department. Mack was booked and transported to the Rankin County Jail. The Rankin County Jail at all relevant times was under the exclusive control of the Rankin County Sheriff's Department.

17. Defendants Davis and McAlpin called and had Mack brought to the front area of the jail for interrogation. Davis and McAlpin questioned Mack about possible information he had about drugs and gangs. Mack exercised his Constitutional right to remain silent, at which point Defendant Chamblee then hit Mack in the back of the head with a set of heavy steal jail keys. Davis, McAlpin, and Chamblee beat Mack.

18. Mack was then dragged by officers into Central Pod 6 where six unknown officers, and/or trusties Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 beat Mack for forty-five (45) minutes.

19. As a result of the beating Mack sustained broken ribs.



20.   Additionally, Mack sustained bruises and a broken nose.



21. As a result of the beatings Mack was throwing up blood.

22. After the beating Mack was examined by Nurse West. Nurse West immediately called for Mack to go to the local hospital.

23. Once Mack was released from the hospital Sheriff Bryan Bailey asked Mack "Who did that to you?" Mack responded, "Chamblee and some of your other deputies and trusties." Sheriff Bailey replied, "Fuck!!!" and walked off.



## CAUSES OF ACTION

*Count I– 42 U.S.C. §1983 – Fourteenth Amendment Violations Plaintiff v. Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6, Individually and in Their Official Capacities*

24.     Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

25. The conduct by the officers identified in this count and described herein constituted excessive force in violation of the Eighth and Fourteenth Amendments of the United States Constitution and clearly established law.

26. At all material times, Defendants Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 were each acting under color of state law, as agents of Rankin County, Mississippi, and within the scope of their employment and authority as duly-certified law enforcement officers of the Rankin County, Mississippi. To the extent, that John Doe 1-6 are trusties they were acting under the direction of the Rankin County, Sheriff's Department.

27. At all times material hereto, Defendant Davis and McAlpin were acting in a supervisory capacity and directly participated in violating Mr. Mack's federal rights. Defendants Mack and McAlpin were therefore liable in both their individual and supervisory capacities.

28. At all material times, Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 had no reason to believe that Mr. Mack was armed or dangerous.

29. At all material times, Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 did not have a reasonable fear of imminent bodily harm when they beat Mack, nor did Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 have a reasonable belief that any other person was in danger of imminent bodily danger from Mr. Mack.

30. It was a violation of Mr. Mack's Eighth and Fourteenth Amendment rights for Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 not to render medical aid following Mr. Mack's beating.

31. As a result of Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6's unjustified, excessive, illegal, use of force, Mr. Mack experienced conscious pain and suffering.

32. As a result of Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6's unjustified, excessive, illegal, use of force, Mr. Mack sustained numerous physical injuries.

33. In addition to these uses of unjustified, excessive, illegal, use of force, each of the Defendant Officers had a duty to intervene on behalf of a Mack whose constitutional rights were being violated in their presence by another officer.

34. Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 all recognized that the force being used was excessive and unreasonable under the circumstances.

35. Defendants Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 each observed and were in a position to intervene to stop the beating of Mack.

36. Defendants Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6's failure to intervene in unreasonable force violated Mr. Macks' established Eight and Fourteenth Amendment rights.

37. As a result of the failure to intervene by Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6, Mack experienced conscious pain and suffering.

38. As a direct and proximate result of the acts and omissions described herein, Mr. Mack suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

39. Punitive damages are available against Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 and are hereby claimed as a matter of federal common law. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### *Count II – 42 U.S.C. §1983 – Monell Liability Plaintiff v Rankin County, Mississippi*

40.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

41.     The Rankin County Board of Supervisors and Sheriff Bryan Bailey had final policymaking authority with regard to establishing written policies and training programs governing the conduct of Rankin County Sheriff deputies performing policing functions on behalf of the County.

42.     The Rankin County Board of Supervisors and Sheriff Bryan Bailey established and/or approved The Rankin County Sheriff Department's written policies and training governing the conduct of Rankin County Sheriff deputies performing policing and jailing functions.

43.     The lack of proper written policies, training, and supervision was the moving force behind and caused Plaintiff's injuries.

44.     Rankin County, Mississippi acting by and through its Board of Supervisors and Sheriff Bryan Bailey and other policymakers, had knowledge of Rankin County Sheriff Department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

45.     Rankin County, Mississippi, acting by and through its Rankin County Board of Supervisors and Sheriff Bryan Bailey and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the Sheriff Department's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

46. On or prior to May 27, 2021, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees and detainees.

47. On or prior to May 27, 2021, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to and not intervene with the use of excessive force by the Rankin County Sheriff's Department.

48. On or prior to May 27, 2021, Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, fostered, or ratified a number of customs, patterns, or practices that condoned and required officers to treat certain members of the Community of Rankin County differently, including but not limited to implementing illegal force at a higher rate against people believed to have drug problems.

49. On or prior to May 27, 2021, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

50. Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, continued to employ Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 despite knowledge of their repeated unconstitutional, unlawful, or other improper conduct.

51. Rankin County, Mississippi had the power to terminate or appropriately discipline Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 for their misconduct before May 27, 2021, but failed to do so despite the Rankin County's knowledge of a pattern of complaints regarding illegal force.

52. By refusing to terminate Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6, Rankin County caused Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 to act with impunity and without fear of retribution.

53. Rankin County, Mississippi failure to terminate or properly discipline Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 is part of its larger custom, police, or practice of failing to supervise, terminate, or properly discipline its officers for unconstitutional, unlawful, or otherwise improper conduct, and thereby encouraged Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6, and the other Defendant Officers to continue engaging in unlawful acts towards detainees, including Mack.

54. On or prior to May 27, 2021, Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified its agents, provided improper and harmful training to officers.

***Count III – 42 U.S.C. §1983 Plaintiff v. Rankin County, Mississippi***

55. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

56. Rankin County, Mississippi failed to properly train or modify its training to Defendant Officers and its other officers, including but not limited to matters related to the reasonable and appropriate use of force, and intervention in the excessive use of force by fellow officers.

57. Illegal use of force during detention is a usual and recurring situation that Rankin County Sheriff Department law enforcement officers and other agents encounter regularly. As such, Rankin County, Mississippi was aware of a need for more and different training. Rankin County, Mississippi specifically knew that its officers needed training.

58. Rankin County, Mississippi with deliberate indifference to the rights of citizens, failed to provide adequate training to its officers.

59. Rankin County was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

60. As such, Rankin County, Mississippi was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

61. The failure to train and/or to appropriately modify training constituted official Rankin County, Mississippi policies, practices, or customs.

62. Rankin County, Mississippi's failure to train and/or to modify training was behind the acts and omissions the Defendant Officers made toward Mr. Mack.

63. As a direct and proximate result of Rankin County's acts and omissions, Mr. Mack suffered injuries and experienced pain and suffering.

64. As a direct and proximate result of the acts and omissions described herein, Mr. Mack suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

65. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

### Prayer for Relief

WHEREFORE, Plaintiff Christopher Mack, prays for judgment against Defendants as follows:

1. As to Count I, a money judgment against Defendants Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6 for compensatory, special, and punitive damages and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

2. As to Count II, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

3. As to Count III, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

4. For the appointment of a receiver or similar authority to ensure that Rankin County properly trains and supervises

5. For such other and further relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,
CHRISTOPHER MACK, PLAINTIFF

By: /s/ Catouche J.L. Body
Catouche J.L. Body, (MSB# 99526)
One of the Attorneys for the Plaintiff

Catouche J.L. Body, (MSB# 99526)
THE BODY LAW FIRM, PLLC
POST OFFICE BOX 13007
Jackson, MS 39236

601-882-8888
attybody@bodylawfirm.com

and

**TRENT WALKER, COUNSELOR AT LAW, PLLC**
**5255 KEELE STREET, SUITE A**
**JACKSON, MISSISSIPPI 39206**
**PHONE 601-321-9540**
**FACSIMILE 601-398-3918**