## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHRISTOPHER MACK**                                             **PLAINTIFF**

**v.**                                **CAUSE NO. 3:24cv306-CWR-ASH**

**RANKIN COUNTY, MISSISSIPPI;**
**RICKY DAVIS; et al.**                                       **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANTS RANKIN COUNTY & RICKY DAVIS

**NOW COME** Defendants Rankin County, Mississippi and Ricky Davis, by and through counsel, and submit this, their Answer and Defenses in the above styled and numbered cause, in response to the [1] Complaint filed herein against them, as follows:

### FIRST DEFENSE

These Defendants assert and invoke all defenses available to them as set forth in F.R.C.P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

### SECOND DEFENSE

These Defendants possess sovereign and/or qualified immunity herein from suit and/or liability and/or damages.

### THIRD DEFENSE

The [1] Complaint fails to state a claim upon which relief can be granted as to some or all of the Defendants.

### FOURTH DEFENSE

These Defendants did not breach any duty owed to Chistopher Mack ("Mack"), nor did they violate any right or privilege of Mack and are, therefore, not liable in damages.

**FIFTH DEFENSE**

Plaintiff is not entitled to any relief from these Defendants as a matter of law.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the three-year statute of limitations codified at Miss. Code Ann. § 15-1-49.

**SEVENTH DEFENSE**

At all times complained of herein, these Defendants acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and they are not guilty of tortious conduct or omission. The actions taken by Defendants were taken in good faith and in good faith reliance upon then-existing law.

**EIGHTH DEFENSE**

The matters set forth in the [1] Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**NINTH DEFENSE**

These Defendants committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiff and are, therefore, not liable in damages.

**TENTH DEFENSE**

These Defendants specifically plead that if the allegations of the [1] Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains. To the extent events that form the subject matter of the [1] Complaint and Plaintiff's alleged damages, if

any, were caused by the actions or omissions of Plaintiff, any recovery, if any, must be reduced accordingly under principles of comparative fault.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces, or entities for whom / which these Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to Defendants.

## TWELFTH DEFENSE

**NOW COME** Defendants, Rankin County and Ricky Davis, and state that unless specifically admitted herein, they deny all allegations of the [1] Complaint.

For answers to the allegations of the [1] Complaint, these Defendants state:

### INTRODUCTION

1. As there are no allegations against these Defendants in ¶ 1 of the [1] Complaint, they are not required to admit or deny same. To the extent there are any allegations against these Defendants in ¶ 1 of the [1] Complaint, same are denied.

2. The allegations in ¶ 2 of the [1] Complaint are denied.

### VENUE AND JURISDICTION

3. In response to ¶ 3 of the [1] Complaint, these Defendants admit that federal question jurisdiction exists herein. Except where otherwise specifically admitted herein, the allegations in ¶ 3 of the [1] Complaint are denied.

4. In response to ¶ 4 of the [1] Complaint, these Defendants admit that venue is proper with this Court. Except where otherwise specifically admitted herein, the allegations in ¶ 4 of the [1] Complaint are denied.

### PARTIES

5. These Defendants are without specific information or belief to admit or deny the allegations in ¶ 5 of the [1] Complaint, and accordingly deny the same.

6. In response to ¶ 6 of the [1] Complaint, these Defendants admit that Rankin Conty is a political subdivision of the State of Mississippi and may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 6 of the [1] Complaint are denied.

7. In response to ¶ 7 of the [1] Complaint, these Defendants admit that Ricky Davis was employed at the Rankin County Sheriff's Department and may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 7 of the [1] Complaint are denied.

8. In response to ¶ 8 of the [1] Complaint, these Defendants admit that Brett McAlpin was employed at the Rankin County Sheriff's Department and may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 8 of the [1] Complaint are denied.

9. The allegations in ¶ 9 of the [1] Complaint are denied.

10. Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 10 of the [1] Complaint.

11. Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 11 of the [1] Complaint.

12.     Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 12 of the [1] Complaint.

13.     Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 13 of the [1] Complaint.

14.     Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 14 of the [1] Complaint.

15.     Since Plaintiff has not identified the Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, identities, and/or alleged actions, and accordingly deny all allegations in ¶ 15 of the [1] Complaint.

**FACTS**

16.     In response to ¶ 16 of the [1] Complaint, these Defendants admit that Mack was arrested by Pearl Police Department and booked into the Rankin County Adult Detention Center ("RCADC") on January 12, 2021. *See* Inmate Records (**Exhibit 1**). These Defendants further admit that the RCADC is operated by the Rankin County Sheriff's Department. Except where otherwise specifically admitted herein, the allegations in ¶ 16 of the [1] Complaint are denied.

17.     The allegations in ¶ 17 of the [1] Complaint are denied.

18.     In response to ¶ 18 of the [1] Complaint, Rankin County admits that an altercation between Mack and jailers at the RCADC occurred on January 12, 2021. Except

where otherwise specifically admitted herein, the allegations in ¶ 18 of the [1] Complaint are denied.

19. The allegations in ¶ 19 of the [1] Complaint are denied.

20. The allegations in ¶ 20 of the [1] Complaint are denied.

21. The allegations in ¶ 21 of the [1] Complaint are denied.

22. In response to the allegations in ¶ 22 of the [1] Complaint, Rankin County admits that Mack was seen by medical personnel after the January 12, 2021 altercation between Mack and jailers. Except where otherwise specifically admitted herein, the allegations in ¶ 22 of the [1] Complaint are denied.

23. The allegations in ¶ 23 of the [1] Complaint are denied.

## **CAUSES OF ACTION**

***Count I – 42 U.S.C. § 1983 – Fourteenth Amendment Violations Plaintiff v. Davis, McAlpin, Chamblee, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, and Doe 6, Individually and in Their Official Capacities***

24. In response to ¶ 24 of the [1] Complaint, these Defendants re-allege and restate herein their admissions and/or denials in ¶¶ 1-23 *supra.*

25. The allegations in ¶ 25 of the [1] Complaint are denied.

26. In response to the allegations in ¶ 26 of the [1] Complaint, these Defendants admit that Davis, McAlpin, and the jailers identified in Exhibit 1 were employed at the Rankin County Sheriff's Department on January 12, 2021. Except where otherwise specifically admitted herein, the allegations in ¶ 26 of the [1] Complaint are denied.

27. The allegations in ¶ 27 of the [1] Complaint are denied.

28. The allegations in ¶ 28 of the [1] Complaint are denied.

29. The allegations in ¶ 29 of the [1] Complaint are denied.

30. The allegations in ¶ 30 of the [1] Complaint are denied.

31. The allegations in ¶ 31 of the [1] Complaint are denied.

32. The allegations in ¶ 32 of the [1] Complaint are denied.

33. In response to the allegations in ¶ 33 of the [1] Complaint, Davis admits that he is subject to and complied with any and all laws, rules, and regulations applicable to him. Except where otherwise specifically admitted herein, the allegations in ¶ 33 of the [1] Complaint are denied.

34. The allegations in ¶ 34 of the [1] Complaint are denied.

35. The allegations in ¶ 35 of the [1] Complaint are denied.

36. The allegations in ¶ 36 of the [1] Complaint are denied.

37. The allegations in ¶ 37 of the [1] Complaint are denied.

38. The allegations in ¶ 38 of the [1] Complaint are denied.

39. The allegations in ¶ 39 of the [1] Complaint are denied.

***Count II – 42 U.S.C. § 1983 – Monell Liability Plaintiff v. Rankin County, Mississippi***

40. In response to ¶ 40 of the [1] Complaint, these Defendants re-allege and restate herein their admissions and/or denials in ¶¶ 1-39 *supra.*

41. In response to the allegations in ¶ 41 of the [1] Complaint, these Defendants admit that the Sheriff is the final policymaker for the Rankin County Sheriff's Department. Except where otherwise specifically admitted herein, the allegations in ¶ 41 of the [1] Complaint are denied.

42. In response to the allegations in ¶ 42 of the [1] Complaint, these Defendants admit that the Sheriff approves policies and procedures at the Rankin County Sheriff's

Department. Except where otherwise specifically admitted herein, the allegations in ¶ 42 of the [1] Complaint are denied.

43. The allegations in ¶ 43 of the [1] Complaint are denied.

44. The allegations in ¶ 44 of the [1] Complaint are denied.

45. The allegations in ¶ 45 of the [1] Complaint are denied.

46. The allegations in ¶ 46 of the [1] Complaint are denied.

47. The allegations in ¶ 47 of the [1] Complaint are denied.

48. The allegations in ¶ 48 of the [1] Complaint are denied.

49. The allegations in ¶ 49 of the [1] Complaint are denied.

50. The allegations in ¶ 50 of the [1] Complaint are denied.

51. In response to the allegations in ¶ 51 of the [1] Complaint, these Defendants admit that the Sheriff has hiring, firing, and disciplinary powers at the Rankin County Sheriff's Department. Except where otherwise specifically admitted herein, the allegations in ¶ 51 of the [1] Complaint are denied.

52. The allegations in ¶ 52 of the [1] Complaint are denied.

53. The allegations in ¶ 53 of the [1] Complaint are denied.

54. The allegations in ¶ 54 of the [1] Complaint are denied.

*Count III – 42 U.S.C. § 1983 Plaintiff v. Rankin County, Mississippi*

55. In response to ¶ 55 of the [1] Complaint, these Defendants re-allege and restate herein their admissions and/or denials in ¶¶ 1-54 *supra*.

56. The allegations in ¶ 56 of the [1] Complaint are denied.

57. The allegations in ¶ 57 of the [1] Complaint are denied.

58. The allegations in ¶ 58 of the [1] Complaint are denied.

59. The allegations in ¶ 59 of the [1] Complaint are denied.

60. The allegations in ¶ 60 of the [1] Complaint are denied.

61. The allegations in ¶ 61 of the [1] Complaint are denied.

62. The allegations in ¶ 62 of the [1] Complaint are denied.

63. The allegations in ¶ 63 of the [1] Complaint are denied.

64. The allegations in ¶ 64 of the [1] Complaint are denied.

65. The allegations in ¶ 65 of the [1] Complaint are denied.

### Prayer for Relief

66. Any and all allegations in the last unnumbered paragraph of the [1] Complaint beginning with the phrase "WHEREFORE, Plaintiff Christopher Mack, prays …", including any and all subparagraphs and/or subsections thereto, are denied. These Defendants specifically deny that Plaintiff is entitled to judgement against them, or that they are liable or indebted to the Plaintiff in the amount sued for or in any amount whatsoever or for damages of any time, specifically including actual, compensatory, incidental, and/or consequential damages or of any kind of quantum whatsoever. These Defendants deny that Plaintiff is entitled to attorneys' fees, interest, and/or costs, nor is such an award justified factually in this case.

**AND NOW,** having fulling addressed the numbered paragraphs of Plaintiff's [1] Complaint, and having denied any and all liability herein, Rankin County and Ricky Davis set forth the following Specifical Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

Davis, in his individual capacity, is entitled to qualified immunity from suit and/or liability and/or damages herein. These Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to government state actors.

**SECOND AFFIRMATIVE DEFENSE**

To the extent the [1] Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, it fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

**THIRD AFFIRMATIVE DEFENSE**

At all times complained of, these Defendants acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct. They are entitled to immunity or a special good faith defense.

**FOURTH AFFIRMATIVE DEFNESE**

These Defendants possess immunity to Plaintiff and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Further, these Defendants invoke and assert all rights, privileges, and immunities available to them as set forth in the United States Constitution, Mississippi Constitution, and/or the MTCA, along with all supporting / interpretive federal or state common law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

**SIXTH AFFIRMATIVE DEFENSE**

Any loss, damage, and/or deprivation alleged by Plaintiff, if any, was not the proximate result of the execution of any official governmental policy, custom, or practice attributable to Rankin County.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to the one-year statute of limitations pursuant to Miss. Code Ann. § 15-1-35 and/or § 11-46-11, and the three-year statute of limitations pursuant to § 15-1-49.

**EIGHTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of these Defendants proximately caused or contributed to any harm, loss, or deprivation to Plaintiff. At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, Plaintiff's allegations do not rise to the level of a constitutional tort.

**NINTH AFFIRMATIVE DEFENSE**

These Defendants complied with all applicable standards of care and fulfilled any and all legal duties owed by them, if any, to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of comparative fault and his recovery, if any, must be limited accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

These Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations, and waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, losses, and/or injuries, if any, are the proximate result of his own actions and/or omission, or those of other persons / entities for whom these

Defendants are neither liable nor responsible. Plaintiff's recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in Miss. Code Ann. § 85-5-7 and § 11-1-65.

## THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in Miss. Code Ann. § 85-5-7 and state that they cannot be liable under principles of agency or respondeat superior for the actions or omissions of any other party or non-party herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants would show that the factual allegations of the [1] Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Mack, determined by the standard of objective reasonable measured by reference to clearly established law. Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against these Defendants pursuant to F.R.C.P. 8, and accordingly, some or all of the claims therein should be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Rankin County, Mississippi and Ricky Davis deny that Plaintiff is entitled to any relief whatsoever, and pray that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and attorneys' fees

assessed against Plaintiff pursuant to 42 U.S.C. § 1988, together with such other relief as this Court deems proper and just.

      **RESPECTFULLY SUBMITTED**, this 18th day of September, 2024.

                              **RANKIN COUNTY & RICKY DAVIS - Defendants**

                        **BY**:    */s/ Jason E. Dare*
                                **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bpislaw.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone:    (601) 987-5307
Facsimile:     (601) 987-5307