UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER MACK**                                                    **PLAINTIFF**

v.                                                       **CAUSE NO. 3:24cv306-CWR-ASH**

**RANKIN COUNTY, MISSISSIPPI; RICKY DAVIS; et al.**         **DEFENDANTS**

_____

**PLAINTIFF'S RESPONSE TO [11] DEFENDANT'S MTOTION FOR SUMMARY JUDGMENT**

_____

**COMES NOW** the Plaintiff, Christopher Mack, by and through counsel, and files this Response to the Defendant's Motion for Summary Judgment, and in support thereof would show unto the Court as follows:

Defendant's Motion for Summary is premised on the passage of the three-year statute of limitations, in that it is alleged that the incident at issue occurred on January 12, 2021, and not the date alleged in the complaint, which is May 27, 2021. In support of the Motion for Summary Judgment, the Defendants have filed Exhibit 1, which includes an incident report complete with use of force statements by six deputies: Hunter Chapman (J-72); Sergeant Bridges (J-41); Michael Crocker (J-52); M. Black (J-71); Lieutenant Thompson and Master Sergeant Murphy.  While it might be proper to describe these officers as John Doe defendants, none of them are the defendants who were named by the Plaintiff as having participated in and to have instigated the excessive use of force against him. Further, the Plaintiff alleges that he was assaulted by deputies as well as trusties of the Rankin County Jail. Exhibit 1 does not refer to any trusties of the jail as having played any part in the excessive use of force against the Plaintiff, Christopher Mack.

As an initial matter, the Complaint filed by the Plaintiff was explicit about the involvement of three named defendants: Investigator Brett McAlpin, Deputy Ricky Davis, and a Deputy Chamblee whose first name is unknown. None of these officers is listed as having participated in the report filed as Exhibit 1 to the Defendants' Motion for Summary Judgment. Therefore, there would be a question of fact as to whether the event listed in Exhibit 1 to the Defendant's Motion for Summary Judgment is the incident which involved the individual defendants who were explicitly named by the Plaintiff as having instigated the abuse against him.

Finally, the plaintiff does allege that he was treated at Merit Health Crossgates Hospital. Exhibit 1 also indicates that the Plaintiff was treated at the same hospital. Counsel has requested the Plaintiff's medical records from that hospital. Those records would be an independent source of verification of the date on which the plaintiff was treated for the injuries which he alleges. The Plaintiff would assert that the Court should withhold ruling on the Motion for Summary Judgment until the dates of treatment in those medical records can be verified.

**RESPECTFULLY SUBMITTED, this the 10th day of October 2024.**

                                                **CHRISTOPHER MACK**

                                                **/s/ TRENT L. WALKER**
                                                **Trent L. Walker, MSB# 10475**

**OF COUNSEL:**
**Trent L. Walker, Counselor at Law**
**5255 Keele St., Ste-A**
**Jackson, Mississippi 39206**
**601-321-9540**
**Trent@Trentwalkeresq.com**

## CERTIFICATE OF SERVICE

      I, Trent L. Walker, do hereby certify that on this day, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF filing system, which sent a true and correct copy of the document to all counsel of record as follows:

Jason E. Dare, Esq.
Jdare@bislawyers.com

Catouche Body, Esq.
Attybody@gmail.com

**RESPECTFULLY SUBMITTED, THIS THE 3rd DAY OF OCTOBER 2024.**

                                              /s/ TRENT L. WALKER
                                              TRENT L. WALKER